IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 23 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02632-BNB

VINCENT EDWARD CARTER,

    Plaintiff,

v.

DENVER GENERAL HOSPITAL,
DOCTOR OZAR (Orthropedic [sic] Surgeon), and
ANETHIESIOLOGIST,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Vincent Edward Carter currently is incarcerated at the Denver County Jail. He has submitted to the Court *pro se* a civil rights complaint pursuant 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343(a)(3) (1993). As relief, he asks for money damages and the proper dental treatment to repair his teeth. He has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (Supp. 2005).

The Court must construe the complaint liberally because Mr. Carter is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Carter will be ordered to file an amended complaint.

The Court has reviewed the complaint and finds that it is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. A complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Carter has failed to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). He alleges that on December 17, 2003, he had surgery performed on his left wrist. Mr. Carter fails to allege whether at the time of the surgery he was a pretrial detainee or a convicted felon or neither. He asserts that after the surgical procedure he was informed by medical

2

staff members that the anesthesiologist removed his breathing tube and one of his bottom teeth. He also asserts that a second tooth, which apparently was loose, was removed with his permission. He complains that during the summer of 2005, while incarcerated at the Denver County Jail, he applied for medical insurance but never received a response to his request to repair his teeth. It is unclear to the Court what the application for medical insurance in the summer of 2005 has to do with the December 17, 2003, surgical procedure. It also is unclear what the named Defendants have to do with the application for medical insurance. Mr. Carter fails to allege what, if any, of his constitutional rights were violated as to either of his claims.

Mr. Carter must allege each defendant's personal participation in whatever constitutional violations he asserts. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Carter may use fictitious names, such as "John Doe" and "John Doe 2" if he does not know the real names of the individuals who allegedly violated his rights, such as the anesthesiologist at his December 17, 2003, surgery. However, if Mr. Carter uses

fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

Mr. Carter's complaint is deficient and subject to dismissal. Although the complaint must be construed liberally, the Court should not assume the role of advocate for the *pro se* litigant. See *Hall*, 935 F.2d at 1110. A complaint must specify, simply and concisely, the specific claims for relief the plaintiff is asserting. It is Mr. Carter's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to do this work for him.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. See *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. Carter should be given an opportunity to file an amended complaint that clarifies the claims for relief he is asserting. The amended complaint must stand on its own and not refer to or incorporate by reference the original complaint. Each claim must be supported with specific factual allegations that demonstrate how the particular defendant or defendants violated Mr. Carter's rights. He will be directed to submit an amended complaint below. Accordingly, it is

ORDERED that Mr. Carter file **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint" and shall be filed with the clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Carter, together with a copy of this order, two copies of the following form to be used to submit the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Carter submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Carter fails to file, **within thirty (30) days from the date of this order**, an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction, the complaint and the action will be dismissed without further notice. It is

DATED March 23, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02632-BNB

Vincent Edward Carter
Prisoner No. 1460139
Denver County Jail
PO Box 1108
Denver, CO 80201

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 3-23-06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk